**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.                                    No. 00-4380

TERRY LEE CHURCH,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-99-222)

Argued: April 6, 2001

Decided: May 31, 2001

Before WIDENER and WILKINS, Circuit Judges, and
Patrick Michael DUFFY, United States District Judge
for the District of South Carolina, sitting by designation.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

**ARGUED:** Kenneth Eugene Webb, Jr., BOWLES, RICE,
MCDAVID, GRAFF & LOVE, Charleston, West Virginia, for Appel-
lant. Susan Marie Arnold, Assistant United States Attorney, Charles-
ton, West Virginia, for Appellee. **ON BRIEF:** Charles M. Love, III,
BOWLES, RICE, MCDAVID, GRAFF & LOVE, Charleston, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,

Charleston, West Virginia; John A. Michelich, Senior Trial Attorney, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Appellant Terry Lee Church appeals from her conviction for obstructing a bank investigation under 18 U.S.C. § 1517 and from the sentence imposed on her by the district court.[1] For the reasons set forth below, we affirm.

### I.

On June 21, 1999, the Office of the Comptroller of the Currency and the Federal Deposit Insurance Corporation began an investigation of the First National Bank of Keystone ("Bank") in Keystone, West Virginia. Church was the Chief Operating Officer and Senior Vice President of the Bank during this investigation. Church was in charge of the daily operations of the Bank. On September 2, 1999, the FDIC declared the bank insolvent and relieved Church of her responsibilities at the Bank.

During the investigation, Church had directed bank employees to alter records sought by bank investigators, provide some documents while concealing others, and misrepresent to bank investigators certain bank transactions. Church also had ordered employees from her

---

[1]Church's co-defendant, Michael H. Graham, was convicted in the same trial and sentenced. He filed a consolidated appeal with Church. However, on November 20, 2000, we dismissed Graham's appeal on his motion under Rule 42(b) of the Federal Rules of Appellate Procedure.

hardware store and her farm to assist bank employees in removing and burying bank records from the bank and the storage in the school-house on August 12 and 15, 1999. The bank investigators had requested several types of bank records that were not provided or were incomplete. Some of the requested documents were later seized from Church's property.

Following an excavation by federal investigators of bank records and documents from Church's farm near Keystone, a warrant was issued for Church's arrest on October 14, 1999. Church was charged with one count of conspiracy to obstruct a bank investigation by federal agencies under 18 U.S.C. § 1517 and with two counts of obstructing a bank investigation on specific dates. The grand jury returned a true bill on the three-count indictment against Church.

## II.

Church first appeals from her conviction on the basis that 18 U.S.C. § 1517[2] is unconstitutionally vague. We disagree.

## A.

We review de novo any ruling on the constitutionality of federal statutes. A fundamental requirement of due process is that penal statutes be written to put people of common intelligence on notice of the particular types of conduct that the statute prohibits. *See, e.g., United States v. Lanier*, 520 U.S. 259, 267 (1997). "'The . . . principle is that no [person] shall be held criminally responsible for conduct which [that person] could not reasonably understand to be proscribed.'" *Id.* at 265 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 351 (1964) (internal quotation omitted)). The Supreme Court has noted "the

---

[2]The statute reads in whole:

> Whoever corruptly obstructs or attempts to obstruct any examination of a financial institution by an agency of the United States with jurisdiction to conduct an examination of such financial institution shall be fined under this title, imprisoned not more than 5 years, or both.

18 U.S.C. § 1517.

vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application.'" *Id.* at 266 (quoting *Connally v. General Constr. Co.*, 269 U.S. 385, 391 (1926)). However, criminal statutes are not unconstitutional simply because the language may contribute to interpretations in which reasonable minds may differ on particular applications, and the statute is sufficiently definite if "the common-sense meaning" is clear. *United States v. Powell*, 423 U.S. 87, 93 (1975).

Church's challenge to section 1517 is reviewed only as the statute was applied to her. *See Schleifer v. City of Charlottesville*, 159 F.3d 843, 853 (4th Cir. 1998). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975); *Parker v. Levy*, 417 U.S. 733, 757 (1974). The Supreme Court has noted "that the approach to 'vagueness' governing a case like this is different from that followed in cases arising under the First Amendment. There we are concerned with the vagueness of the statute 'on its face' because such vagueness may in itself deter constitutionally protected and socially desirable conduct." *United States v. National Dairy Products Corp.*, 372 U.S. 29, 31-32, 36 (1963).

Church argues that section 1517 as applied to her was unconstitutionally vague. No appellate court has reported a case addressing the constitutionality of section 1517. Section 1517 is one of the federal obstruction-of-justice statutes. *See* 18 U.S.C. §§ 1501-1518; *United States v. Aguilar*, 515 U.S. 593 (1995) (setting forth specific elements required to satisfy 18 U.S.C. § 1503, which is the most broadly worded obstruction-of-justice statute).

In *Aguilar*, the Supreme Court reversed a conviction for obstruction of justice under section 1503[3] as applied in that case. The govern-

---

[3]Section 1503(a) states in relevant part:

Whoever . . . corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). . . .

ment's evidence was insufficient to show that the defendant's false statements to FBI agents were intended to obstruct a judicial proceeding. In fact, the government in *Aguilar* did not prove that the defendant knew his false statements to the FBI would be communicated to the grand jury.

The Supreme Court held that in order to convict under section 1503, the government need not demonstrate that justice was in fact obstructed but must prove only that "the endeavor [has] the natural and probable effect of interfering with the due administration of justice." *United States v. Aguilar*, 515 U.S. 593, 599 (1995) (internal quotes omitted). In addition, the substance of the defendant's obstruction need not be material to the bank investigation. Here, in contrast to *Aguilar*, the government proved Church instructed employees to fraudulently hide, destroy, and manufacture bank records for the purpose of obstructing the investigation. The Government also proved Church directed her actions at the investigation.

The vagueness "doctrine incorporates notions of fair notice or warning. Moreover, it requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'" *Parker v. Levy*, 417 U.S. 733, 752 (1974) (quoting *Smith v. Goguen*, 415 U.S. 566, 572-73 (1974)). In analyzing a statute's vagueness, the court should assume the statute reads as the courts have previously interpreted it and that it is properly applied to the appellant. Then, the reviewing court should determine in that light whether the statute is too vague and indefinite. *See Wainwright v. Stone*, 414 U.S. 21, 22-23 (1973). Section 1517 is unambiguous in the light imposed by *Wainwright*. The terms and judicial constructions of a statute may make it apply unquestionably to certain activities, and yet its application to other activities may remain uncertain due to the absence of a stated standard for inclusion or exclusion of activities from its scope. *Smith v. Goguen*, 415 U.S. at 577-578. We look only for a violation of constitutional protections, and the statutory language is not vague in proscribing her corrupt obstruction of the bank investigation which the Government proved at trial.

Church relies heavily on *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991), wherein the District of Columbia Circuit Court

found that the Government could not constitutionally convict Poindexter under section 1505[4] for his own independent lies to Congress. In *Poindexter*, the court observed that the term "corruptly," as used in section 1505, mandates a transitive interpretation as opposed to an intransitive interpretation. *Id*. at 377-86. Poindexter was only charged with lying to Congress, a clearly intransitive act which is not covered by the statute under the court's construction of that statute. Thus, the court found section 1505 was vague as it was applied to Poindexter's actions in that case, but the court expressly approved an interpretation of section 1505 that outlawed conduct "'corrupting' another person by influencing him to violate his legal duty." *Poindexter*, 951 F.2d at 379.

The D.C. Circuit reviewed its decision in *Poindexter* in light of another obstruction-of-justice statute, 18 U.S.C. § 1512,[5] and found the same language was not unconstitutionally vague under different factual circumstances:

> While we agree that the two statutes are sufficiently similar to support a "transitive" reading of the word "corruptly" in § 1512(b), we disagree with Morrison's claim that his conduct could not still fall under the statutory ban. . . . Morrison

[4]Section 1505 states in the relevant part:

Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States . . . .

[5]Section 1512(b) states in relevant part:

Whoever . . . corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(1)  influence, delay, or prevent the testimony of any person in an official proceeding; [or]

(2)  cause or induce any person to—

(A)  withhold testimony, or withhold a record, document, or other object, from an official proceeding . . . .

tried to "corrupt" Doris Holmes by exhorting her to violate
her legal duty to testify truthfully in court.

*United States v. Morrison*, 98 F.3d 619, 630 (D.C. Cir. 1996); *see
also United States v. Shotts*, 145 F.3d 1289, 1301 & n.24 (11th Cir.
1998).

We believe section 1517 is not vague as applied in this case. The
legislative history of "corruptly" in section 1517 states:

> The requirement that the obstruction, or attempted
> obstruction, be done corruptly means that the conduct must
> be engaged in voluntarily and intentionally, and with the bad
> purpose of accomplishing either an unlawful end or result,
> or a lawful end or result by some unlawful method or
> means. The motive to act corruptly is ordinarily a hope or
> expectation of either financial gain or other benefit to one's
> self, or some aid or profit or benefit to another.

H.R. Rep. No. 681(I), 101st Cong., 2nd Sess., 174 n.5, *reprinted in*
U.S.C.C.A.N. 6472, 6580. Church's actions met this requirement that
the obstruction was done "corruptly". The record shows that Church
enlisted Graham and other employees to lie to the Government
agents, to falsify documents, and to assist in the transportation and
burial of bank records sought in the investigation. Such conduct falls
squarely within the common-sense meaning of section 1517. There-
fore, Church's conviction cannot be reversed on the grounds that the
statute is unconstitutionally vague as applied to Church's conduct. *See
also United States v. Kelley*, 36 F.3d 1118, 1127-28 (D.C. Cir. 1994).

The evidence showed that Church not only failed to comply with
the subpoena and represented that she had complied with all requests,
but it also showed she directed employees to alter records sought by
bank investigators and conceal documents. The altered and concealed
records were unmistakably relevant to the grand jury's investigation
and were probative of whether the bank was insolvent. By withhold-
ing those documents, Church materially obstructed the grand jury's
investigation. "[T]he destruction or concealment of documents can
fall within the prohibition" of section 1503 when done with the requi-
site corrupt motive." *United States v. Rasheed*, 663 F.2d 843, 852 (9th

Cir. 1981). In *Rasheed*, that corrupt motive was supplied when the act is done "with the purpose of obstructing justice." *Id*. The evidence in this case was more than sufficient to sustain a verdict that Church deliberately concealed material portions of the subpoenaed documents with the corrupt motive of obstructing the bank investigation. Therefore, her challenge to the conviction under section 1517 must fail.

Church also argues that the statute as applied to her may now be applied to almost any act that has the effect of obstructing bank audits by the FDIC. Based on this alleged overreach of the statute, Church urges this Court to find "corruptly" in the statute is void for vagueness. "Embedded in the traditional rules governing constitutional adjudication is the principle that a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973). Under the statute, Church's conduct clearly may be prosecuted. In this appeal, we are only concerned whether Church's constitutional protections were violated by the statute's application to her. Because Church was fairly on notice that her conduct was prohibited by the statute and evidenced the requisite corrupt intent, this Court finds the statute was not unconstitutionally vague. Whatever limits may be placed upon the scope of section 1517 by the rules of statutory construction or the vagueness doctrine of constitutional law, those limits do not preclude a conviction in this case.

## B.

We find Church's remaining grounds on appeal meritless. First, the indictment is sufficient because it contained the elements of the offense intended to be charged and sufficiently informed Church of the crimes with which the government charged her so she could adequately prepare a defense and could plead the judgment as a bar to any subsequent prosecution for the same offense. *United States v. Debrow*, 346 U.S. 374 (1953); *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Matzkin*, 14 F.3d 1014, 1019 (4th Cir. 1994); *United States v. Guthrie*, 387 F.2d 569 (4th Cir. 1967). Second, no appellate court has recognized or implemented a "presumption of cor-

ruptness"[6] for any obstruction-of-justice statute, and the district court properly instructed the jury without applying a "presumption of corruptness." Third, "[w]here, as here, a motion for judgment of acquittal is based on insufficiency of the evidence, the conviction must be sustained if the evidence, when viewed in the light most favorable to the Government, is sufficient for any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt." *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The record below is replete with evidence, direct and circumstantial, that supports the deferential standard of reviewing whether Church corruptly obstructed or attempted to obstruct the bank investigation. Fourth, the evidence about which Church complains does not present any abuse of discretion which would warrant reversing the district court's rulings. *See Scales v. United States*, 367 U.S. 203, 256 (1961); *United States v. Obi*, 239 F.3d 662, 667 (4th Cir. 2001). Fifth and for Church's sentencing only, the district court explicitly found by a preponderance of the evidence that Church "willfully gave material false testimony under oath on the witness stand here in this courtroom" and "substantial[ly] interfered with the administration of justice," and the record supports the district court's findings. Church's sentencing enhancement for obstruction of justice is not error. *See United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989).

## CONCLUSION

For the reasons stated herein, we affirm Church's conviction and sentence.

*AFFIRMED*

---

[6]The term "presumption of corruptness" appears nowhere on computer databases of federal cases and is apparently contrived by Church in this appeal.